IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. ABA-25-082 |
| | * | |
| ALLAN SHAW, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ******* | | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its undersigned attorneys, respectfully submits this memorandum in advance of the sentencing hearing for Defendant Allan Shaw, currently set for January 5, 2026. For the reasons set forth below, the government submits that 96 months of incarceration is sufficient, but not greater than necessary, to fulfill the goals of sentencing set forth in 18 U.S.C. § 3553(a).

I.   FACTUAL AND PROCEDURAL BACKGROUND

On December 31, 2024, the Defendant was dealing oxycodone on the 300 block of Monroe Street in Baltimore. Baltimore Police Department ("BPD") officers, using Citi-Watch surveillance cameras, watched the Defendant conduct and attempt to conduct sales of pills contained in an orange prescription bottle he carried in his jacket. After the Defendant was arrested, that bottle was seized, and the contents were confirmed to be oxycodone pills. As officers watched the Defendant, they also saw him repeatedly approach and enter his red Dodge Ram truck (the "Dodge"), which was parked on the street.

At approximately 8:28 a.m., after the Defendant got out of the Dodge, BPD officers placed him under arrest and found the bottle of oxycodone pills in his jacket. During a subsequent search of the Dodge, officers found cocaine base and a tan-and-black Polymer80

9mm semi-automatic handgun with no serial number and loaded with three rounds of ammunition, as well as one additional round of 9mm ammunition. Prior to this arrest, the Defendant had been convicted of multiple felonies, most recently of Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g). *United States v. Allen*[1] *Shaw*, Criminal Case No. ABA-21-336 (the "Related Case"). The Defendant was on supervised release in the Related Case when he committed the instant offense, and he was charged with a violation of supervised release in connection with his conduct. ABA-21-336, ECF No. 86.

On March 27, 2025, a federal grand jury sitting in the District of Maryland returned an indictment charging the Defendant with Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1) (Count One), and Possession with the Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) (Count Two). ECF No. 1.

On September 4, 2025, the Defendant pled guilty to Count One of the Indictment and admitted to Violation #8 in the Petition on Supervised Release in the Related Case. ECF No. 21. The Government and the Defendant agreed—as described in further detail below—that the adjusted U.S. Sentencing Guidelines ("U.S.S.G.") offense level for Count One would be 25 and agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to a sentence of between 60 and 96 months of imprisonment. *Id.* ¶ 10. The parties further agreed that this sentencing range took into account the Defendant's violation of supervised release in the Related Case and that any sentence imposed for that violation should run concurrently to the sentence imposed on Count One of the Indictment. *Id.* ¶ 11.

---

[1] For the avoidance of confusion, and as noted in the plea agreement, the Defendant has spelled his first name as both "Allen" and "Allan."

II.     **U.S. SENTENCING GUIDELINES CALCULATION AND CRIMINAL HISTORY CATEGORY**

As set forth in the Presentence Investigation Report ("PSR") ¶¶ 19–29, and consistent with the parties' plea agreement, the Defendant's U.S.S.G. offense level is calculated as follows:

- **Base Offense Level**: The Defendant's base offense level is 20, because the Defendant committed the instant offense after sustaining one felony conviction for a controlled substance offense.  U.S.S.G. § 2K2.1(a)(4)(A).

- **4-Level Increase**: The Defendant receives a 4-level increase because he knew the firearm involved in his offense was not marked with a serial number or was willfully blind to or consciously avoided knowledge of such fact.  U.S.S.G. § 2K2.1(b)(4)(B)(ii).

- **4-Level Increase**: The Defendant receives a further 4-level increase because he possessed the firearm and ammunition involved in the instant offense in connection with another felony offense, specifically his distribution of controlled substances.  U.S.S.G. § 2K2.1(b)(6)(B).

- **3-Level Reduction**:  The Defendant receives a 2-level reduction for acceptance of personal responsibility, and the Government will further move for an additional 1-level reduction for timely notification of his intention to enter a plea of guilty.  U.S.S.G. § 3E1.1(a) and (b).

The Defendant's final adjusted offense level is therefore 25.  PSR ¶ 29.

The Defendant's criminal convictions date back to 2007 and include state-level convictions for distribution of controlled substances and assault, as well as his prior federal crime in the Related Case.  PSR ¶¶ 32–37.  In addition to his convictions, which give the Defendant a Criminal History Category of V, the Defendant has a lengthy record of arrests from 2008 through the present.  PSR ¶¶ 41–66.

Based on his calculated offense level of 25 and Criminal History Category of V, the recommended Guidelines range is 100–125 months' incarceration.

III.     **SENTENCING RECOMMENDATION AND 18 U.S.C. § 3553(a) FACTORS**

The government submits that the appropriate sentence for the Defendant is 96 months' imprisonment, followed by three years of supervised release.  This sentence serves the goals set

3

forth in 18 U.S.C. § 3553(a), particularly in light of the Defendant's extensive criminal history and the fact that he committed the instant offense while on supervised release for another federal conviction.

### A. The Recommended Sentence Reflects the Serious Nature of the Offense and Takes into Account the Defendant's Lengthy Criminal History.

The Defendant, while on supervised release from his federal conviction for possession of a firearm and ammunition by a prohibited person, was arrested dealing oxycodone and, again, in possession of a firearm and ammunition. The Defendant's possession of this firearm posed a serious risk to the community, no less so because the gun in question was a loaded Polymer80 "ghost gun." As Baltimore continues to work on reducing gun violence in the city,[2] the Defendant created an enormous risk of adding to those tragic statistics. The recommended 96-month sentence reflects the serious nature of the offense and provides protection to the public from the Defendant's further criminal conduct.

The serious nature of the offense is only exacerbated by the fact that this is far from the Defendant's first encounter with law enforcement. Since 2007, the Defendant has been convicted of multiple drug-related crimes, assault, and most recently, the exact federal crime he is being sentenced for in the instant case. Indeed, with rare exception, the Defendant appears to have not made it through a year of his adult life without at least one arrest. PSR ¶¶ 32–66. This has resulted in an appropriately high Criminal History Category.

Nevertheless, the government acknowledges that the Defendant has experienced significant hardship and continues to struggle with substance abuse issues. The applicable

---

[2] As of December 1, 2025, the Mayor's Office reported that there had been 127 homicides and 288 nonfatal shootings in 2025. *See* Mayor Brandon M. Scott Announces Continued Reductions in Homicides and Nonfatal Shootings Through Month of November (Dec. 1, 2025), https://mayor.baltimorecity.gov/news/press-releases/2025-12-01-mayor-brandon-m-scott-announces-continued-reductions-homicides-and.

4

sentencing range is also significantly higher than any sentence the Defendant has previously served. To account for that, the government is recommending 96 months' incarceration, which would be a small but meaningful downward variance from the bottom of the Guidelines range.

**B. The Recommended Sentence Will Provide the Defendant with Needed Correctional Treatment and Care and Provide Adequate Deterrence.**

As has been made clear by the Defendant's criminal history to date, shorter periods of incarceration have not provided him with "needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). He has repeatedly been unable to stay out of trouble after serving his prior sentences. After serving his most recent sentence, the Defendant was unable to secure employment and continued using heroin while on supervised release. PSR ¶¶ 90 and 97. His 27-month sentence in the Related Case evidently did not provide sufficient time for the Defendant to get the treatment, education, and training he needs. A 96-month sentence will, however, be sufficient to address those needs.

Similarly, the Defendant's prior sentences have not been adequate to serve as specific deterrence to his continued criminal conduct. The Defendant committed the instant offense after a 27-month federal sentence, and while on supervised release. The recommended sentence of 96 months sends a clear message to the Defendant that he cannot simply pick up where he left off once he is released from custody. It also sends a message of general deterrence to other prohibited persons who might consider obtaining firearms that the Court will impose appropriately significant sentences to punish this crime.

In addition, the recommended sentence of 96 months' incarceration will avoid unwarranted sentencing disparities among similarly situated defendants. As noted in the PSR, the average sentence imposed for similarly situated defendants was 90 months' incarceration,

5

and the median sentence imposed was 100 months' incarceration. PSR at 30. The recommended sentence falls squarely in that range.

IV.     **CONCLUSION**

For all the foregoing reasons, the government respectfully requests that the Court impose a sentence of 96 months' incarceration, which is sufficient, but not greater than necessary, to meet the sentencing goals of 18 U.S.C. § 3553(a).

                                      Respectfully Submitted,

                                      Kelly O. Hayes
                                      United States Attorney

                                      __/s/_____
                                      Alexander Levin
                                      Assistant United States Attorney